1 | EMI GUSUKUMA (S.B.N. 191026)
   | HAAS & NAJARIAN
2 | 58 Maiden Lane, 2nd Floor
   | San Francisco, CA 94108
3 | Telephone: (415) 788-6330
   | Facsimile: (415) 391-0555

Attorneys for Defendant
The Rim Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED MUEGEE, | Case No.  C 07 2447 JSW |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| HYATT VINEYARD CREEK, LLC DBA VINEYARD CREEK HOTEL SPA & CONFERENCE CENTER, VINEYARD CREEK, LLC; RECP/WINDSOR SANTA ROSA VENTURE, L.P.; NOBLE A.E.W. VINEYARD CREEK; RECP/WINDSOR RIM GP, LLC; WINDSOR CAPITAL GROUP; RIM PACIFIC SANTA ROSA, LLC; RIM HOTEL GROUP, LLC; THE RIM CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE, | [Fed. R. Civ. Pro. 12(b)(5) and 4(m)]<br><br>Date:     January 25, 2008<br>Time:     9:00 a.m.<br>Place:    Courtroom 2, 17th Floor<br>Judge:    Hon. Jeffrey S. White |
| Defendants. | |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS                                          C07-2447 JSW

# NOTICE OF MOTION AND MOTION

TO: PLAINTIFF AND HIS ATTORNEY OF RECORD

PLEASE TAKE NOTICE that on January 25, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 on the 17th Floor of the above-captioned court, located at 450 Golden Gate Street, San Francisco, CA, Defendant The Rim Corporation ("Defendant" or "Rim") will and hereby does move the Court to dismiss the Complaint in this action. Defendant makes this motion on pursuant to Federal Rule of Civil Procedure 12(b)(5) on the grounds that Plaintiff has failed to effect service of process within 120 days after the filing of the Complaint as required by Federal Rule of Civil Procedure 4(m).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file with the Court, the matters over which the Court may or must take judicial notice, and any other matters that the Court may consider at the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION AND FACTUAL BACKGROUND

This lawsuit arises out of Plaintiff's alleged visit to the Hyatt Vineyard Creek (the "Hyatt") in May 2005 which Plaintiff claims is not ADA compliant. Plaintiff filed a Complaint for Injunctive Relief and Damages on May 7, 2007, including claims under California Civil Code sections 54, 54.1 and 54.3, the Americans with Disabilities Act of 1990, the Unruh Civil Rights Act, Business and Professions Code section 17200, and negligence per se. Defendant has not been served with the Complaint, though Federal Rule 4(m) required that Plaintiff serve his Complaint by September 4, 2007. Virgil Decl. ¶2.

The failure to effect timely service is puzzling since Plaintiff filed on April 27, 2006 a virtually identical lawsuit against the Courtyard by Marriott, Santa Rosa (the "Marriott")–where he stayed immediately prior to his visit to the Hyatt and which is located across the street from the

HAAS & NAJARIAN
58 Maiden Lane
2nd Floor
San Francisco, CA 94108
(415) 788-6330

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS                    2                    Case No. C 07 2447 JSW

Hyatt[1]–naming Rim as one of the defendants, and successfully served Rim with that lawsuit on October 5, 2006.[2]

In fact, in the "Introduction" to his Complaint against the Marriott, Plaintiff states:

> **Note**: This is a closely related suit. **Plaintiff complains simultaneously against the Hyatt Hotel Santa Rosa**, which is located across the street from the subject Courtyard by Marriott, Santa Rosa . . .. Both are under partial joint ownership and share some common facts concerning plaintiff's visits to the Santa Rosa area. **After case numbers have been assigned, plaintiff will file a Notice of Related Case seeking to consolidate and manage the two cases jointly**.

Marriot Complaint, ¶1 (emphasis supplied). Despite his representation to this Court and the congruent nature of the two lawsuits, Plaintiff failed to file his lawsuit against the Hyatt until almost one year later. And, while the later-filed lawsuit against the Hyatt has yet to be served, the Marriott lawsuit settled in August 2007, with a Request for Dismissal filed September 19, 2007.[3] Further, even after Defendants Rim and Noble A.E.W. Vineyard Creek filed their respective Motions to Dismiss for failure to effect timely service on October 25, 2007, Plaintiff failed to serve his Complaint. *See* Virgil Decl.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO EFFECT TIMELY SERVICE

An action may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) if the plaintiff fails to serve a copy of the summons and complaint on the defendant(s) pursuant to Federal Rule of Civil Procedure 4(m) which provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

---

[1] Plaintiff stayed at the Marriott from on or about April 18, 2005 for nine nights prior to moving to the Hyatt across the street on April 27, 2005, where he stayed for another nine nights before checking out on May 6, 2005. Marriot Complaint, ¶16. The Marriott Complaint, attached as Exhibit A to Gusukuma Declaration, is the subject–along with other court filings referenced herein–of a separate Request for Judicial Notice filed concurrently herewith.

[2] The Proof of Service of Plaintiff's Marriot lawsuit upon Rim is attached as Exhibit B to Gusukuma Declaration.

[3] The Certification of ADR Session and Plaintiff's Request for Dismissal are attached collectively as Exhibit C to Gusukuma Declaration.

HAAS & NAJARIAN
58 Maiden Lane
2nd Floor
San Francisco, CA 94108
(415) 788-6330

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS                    3                    Case No. C 07 2447 JSW

1  defendant or direct that service be effected within a specified time . . . ." *See Barclay v. Michalsky*,
2  451 F. Supp. 2d 386, 393 (D. Conn. 2006).  When service has not been made within the requisite
3  time period, the burden falls upon the plaintiff to show "good cause" for the delay. *Matasareanu v.*
4  *Williams,* 183 F.R.D. 242, 246 (C.D. Cal. 1998).  Good cause "generally means plaintiff attempted
5  service but did not complete it; plaintiff was confused about the requirements of service; or plaintiff
6  was prevented from serving defendants by factors beyond his control." *Television Signal Corp. v.*
7  *City and County of San Francisco,* 193 F.R.D. 645, 646 (N.D. Cal. 2000).
8      Having previously served Defendant in a prior lawsuit, Plaintiff clearly cannot be confused
9  about the requirements of service.  Further, Plaintiff has not even attempted to service nor has he
10 moved for an enlargement of time to effect service under Rule 6(b).  Defendant respectfully submits
11 that Plaintiff's dilatory failure to effect service falls within the meaning of Rule 4(m), and that
12 because no good cause exists, dismissal of Plaintiff's Complaint is justified.

### III. CONCLUSION

14     For all the foregoing reasons, Defendant respectfully requests that the Court grant its motion
15 to dismiss Plaintiff's Complaint.

16 Dated:  November 15, 2007            Respectfully submitted,

17                                      HAAS & NAJARIAN, LLP

19                                      By: s/   Emi Gusukuma
20                                          EMI GUSUKUMA
                                            Attorneys for Defendant

N:\CLIENTS\38\3858\006\ADA lawsuit\Motion to Dismiss.wpd

HAAS & NAJARIAN
58 Maiden Lane
2nd Floor
San Francisco, CA  94108
(415) 788-6330

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS                    4                           Case No.  C 07 2447 JSW