1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, Esq. (No. 148213)
2  GENE FARBER, Esq. (No. 44215)
   171 Front Street, Suite 102
3  Danville, CA 94526-3321
   Telephone: (925) 855-8235
4
   OF COUNSEL:
5  GENE A. FARBER, ESQ. (No. 44215)
   LAW OFFICES OF GENE A. FARBER
6  4258 Twenty Sixth Street
   San Francisco, CA 94131
7  Telephone: (415) 956-1800
   Fax: (415) 282-4228
8
   Attorneys for Plaintiff
9  ED MUEGEE                                        **WHA**

10            UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
11

12 ED MUEGEE,                      **C**ASE **NO. 06  2855**
                                    Civil Rights
13            Plaintiff,

14 v.                              **COMPLAINT FOR DECLARATIVE AND
                                   INJUNCTIVE RELIEF AND DAMAGES:**
15 COURTYARD BY MARRIOTT, SANTA    DENIAL OF CIVIL RIGHTS OF A
   ROSA; RECP/WINDSOR SANTA ROSA   DISABLED PERSON IN VIOLATION OF
16 VENTURE, L.P.; RECP/WINDSOR     THE AMERICANS WITH DISABILITIES
   RIM GP, LLC; WINDSOR CAPITAL    ACT, AND IN VIOLATION OF
17 GROUP; RIM PACIFIC SANTA        CALIFORNIA'S DISABLED RIGHTS
   ROSA, LLC; RIM HOTEL GROUP,     STATUTES
18 LLC; THE RIM CORPORATION; and
   DOES 1 through 50, Inclusive,   **DEMAND FOR JURY TRIAL**
19
              Defendants.          [Proper Intradistrict
20                                  Assignment:
                                    San Francisco/Oakland]
21

22 _____ /

23      Plaintiff ED MUEGEE, on behalf of himself and other

24 similarly situated disabled persons, hereby complains of

25 defendants COURTYARD BY MARRIOTT, SANTA ROSA; RECP/WINDSOR SANTA

26 ROSA VENTURE, L.P., a foreign entity doing business in

27 California; RECP/WINDSOR RIM GP, LLC, a foreign entity doing

28 business in California, and as general partner of RECP/Windsor

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925)855-8235

Complaint for Injunctive Relief and Damages

**Exhibit "A"**

1  Santa Rosa Venture, L.P.; WINDSOR CAPITAL GROUP, a business

2  entity, form unknown, as registered operator at property; RIM

3  PACIFIC SANTA ROSA, LLC, a California Limited Liability Company;

4  RIM HOTEL GROUP, LLC, a California Limited Liability Company;

5  THE RIM CORPORATION, a California Corporation dba Courtyard by

6  Marriott; and DOES 1 through 50, Inclusive (hereafter

7  "defendants"), and demands a trial by jury, and alleges as

8  follows:

9

10  **INTRODUCTION**

11      1.  **Note**: This is a closely related suit.  Plaintiff

12  complains simultaneously against the Hyatt Hotel Santa Rosa,

13  which is located across the street from the subject Courtyard by

14  Marriott, Santa Rosa (hereafter, "Marriott").  Both are under

15  partial joint ownership and share some common facts concerning

16  plaintiff's visits to the Santa Rosa area.  After case numbers

17  have been assigned, plaintiff will file a Notice of Related Case

18  seeking to consolidate and manage the two cases jointly.

19      2.  The defendants are part of a hotel ownership and

20  management conglomerate.  They own, operate and/or lease the

21  subject Marriott, a 138 room hotel located at 175 Railroad

22  Street in Santa Rosa, California.  Plaintiff is a veteran and

23  quadriplegic, and uses a scooter for mobility.  He previously

24  lived in Santa Rosa area for approximately 48 years.  Currently

25  he is a resident of Hawaii and regularly visits his daughter who

26  still lives in the Santa Rosa area.

27      3.  This is a suit to require defendants to remediate

28  their Marriott so that it is accessible and usable by persons

Tihmeich Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    —2—

1   with disabilities such as plaintiff.   Defendants maintain

2   barriers at their entry doors, guestrooms and amenities that are

3   inaccessible to physically disabled persons who use wheelchairs,

4   including plaintiff ED MUEGEE.   Most humiliatingly, the

5   guestrooms themselves, which do not offer equal privileges, are

6   inadequate in number, and are not spread across the full range

7   of accommodations offered by the hotel.

8         4.   Construction alterations carried out at this

9   facility triggered access requirements under California law, as

10  well as under the requirements of the Americans With

11  Disabilities Act of 1990.   On information and belief, the hotel

12  performed a major remodel of the hotel, including all 138

13  guestrooms, in 1998.   As described herein below, plaintiff seeks

14  a declaration of rights and obligations, as well as injunctive

15  relief to require that the subject Marriott which he visited and

16  was unable to enter and use on a full and equal basis, be made

17  accessible to disabled persons to meet the requirements of both

18  California law and the Americans With Disabilities Act of 1990.

19  Plaintiff also seeks deterrence damages for violation of his

20  Civil Rights for each date of specific deterrence until such

21  date as defendants bring their public facilities into full

22  compliance with the requirements of California and federal law.

23

24  **JURISDICTION AND VENUE**

25        5.   This Court has jurisdiction of this action

26  pursuant to 28 U.S.C. 1331 for violations of the Americans with

27  Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.*   Further

28  subject matter jurisdiction exists through diversity, 28 USC

Bloecher Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 3 —

1   §1332. Plaintiff is a citizen of Hawaii. Pursuant to pendant

2   jurisdiction, attendant and related causes of action, arising

3   from the same facts, are also brought under California law,

4   including but not limited to violations of California Health &

5   Safety Code Sections 19955 *et seq.*, including Section 19959;

6   Title 24 California Code of Regulations; and California Civil

7   Code Sections 54 and 54.1 *et seq.*

8        6.   Venue is proper in this court pursuant to

9   28 U.S.C. 1391(b) and is founded on the fact that the real

10  property which is the subject of this action is located in this

11  district and that plaintiff's causes of action arose in this

12  district.

13       7.   **Intradistrict Jurisdiction.** Under intradistrict

14  as the real property that is the subject of this action is

15  located in the San Francisco/Oakland intradistrict and

16  plaintiff's causes of action arose in the San Francisco/Oakland

17  intradistrict (a property located in Santa Rosa).

18

19  **PARTIES**

20       8.   Plaintiff ED MUEGEE qualifies as a "physically

21  handicapped" or "physically disabled" person, as he uses a

22  motorized scooter for mobility. Plaintiff is informed and

23  believes that each of the defendants herein, including Does

24  1-50, is the owner, constructive owner, beneficial owner,

25  successor-owner or successor-in-interest, purchaser, trust,

26  trustee, agent, ostensible agent, alter ego, master, servant,

27  employer, employee, representative, franchiser, franchisee,

28  joint venturer, partner, associate, parent company, subsidiary,

Hancock Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                —4—

1  department, representative, or such similar capacity, of each of
2  the other defendants, and was at all times acting and
3  performing, or failing to act or perform, within the course and
4  scope of his, her or its authority as owner, constructive owner,
5  beneficial owner, successor-owner or successor-in-interest,
6  purchaser, agent, trust, trustee, ostensible agent, alter ego,
7  master, servant, employer, employee, representative, franchiser,
8  franchisee, joint venturer, partner, associate, parent company,
9  subsidiary, department, representative, or such similar
10  capacity, and with the authorization, consent, permission or
11  ratification of each of the other defendants, and is responsible
12  in some manner for the acts and omissions of the other
13  defendants in proximately causing the violations and damages
14  complained of herein, and have approved or ratified each of the
15  acts or omissions of each other defendant, as herein described.
16  Plaintiff will seek leave to amend when the true names,
17  capacities, connections, and responsibilities of each defendant
18  and Does 1-50, are ascertained.

19      9.  Plaintiff also has not been able to obtain
20  through traditional investigative means the role of franchiser
21  Marriott Corporation and Starwood International (or their
22  affiliates) in the ownership, operation, management, lease and
23  control of the subject hotel, and therefore reserves the right
24  to substitute the name of these additional entities in place of
25  the named Doe defendants as information becomes available during
26  the course of discovery.

27      10.  Plaintiff alleges on information and belief that
28  at all relevant times, defendants COURTYARD BY MARRIOTT, SANTA

Thomas Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 5 —

1  ROSA; RECP/WINDSOR SANTA ROSA VENTURE, L.P.; RECP/WINDSOR RIM

2  GP, LLC; WINDSOR CAPITAL GROUP; RIM PACIFIC SANTA ROSA, LLC; RIM

3  HOTEL GROUP, LLC; THE RIM CORPORATION; and DOES 1 through 50,

4  Inclusive, either were and/or now are the owners, operators,

5  lessors and/or lessees of the public accommodation located at or

6  near Assessor's Parcel Number 019-760-001, also know as the

7  Courtyard by Marriott, Santa Rosa, located at or near 175

8  Railroad Street.

9      11. The facilities of this business, including its

10  parking, entrances, guestrooms, and other public facilities and

11  amenities are each a "public accommodation or facility" subject

12  to the requirements of California Health & Safety Code

13  Sections 19955 et seq. and of the California Civil Code

14  Sections 54, 54.1, and 54.3. At all times relevant to this

15  complaint, defendants have held these facilities open to public

16  use. Such facilities also constitute "public accommodations" or

17  "commercial facilities" subject to the requirements of Sections

18  302 and 303 of the Americans with Disabilities Act of 1990.

19

20  **FACTUAL STATEMENT**

21      12. Defendants are required by law to provide

22  accessible facilities on each occasion that "alterations,

23  structural repairs or additions" were performed to such

24  facilities pursuant to legal standards then in effect, per

25  Section 19959 of the Health & Safety Code, and under Section 303

26  of the Americans With Disabilities Act (which governs "new

27  construction" and "alterations").

28      13. On information and belief, each such facility

Sherwood Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages        — 6 —

1    has, since July 1, 1970, been newly constructed, and/or

2    undergone "alterations, structural repairs, and additions," each

3    of which has subjected the defendants and the subject hotel's

4    public facilities to disabled access requirements of

5    Section 19959 Health & Safety Code, Title 24 of the California

6    Code of Regulations, and/or, for such work occurring since

7    January 26, 1992, to the requirements of Section 303 of the

8    Americans With Disabilities Act.

9            14.  On or about April 18, 2005, Plaintiff ED MUEGEE

10   visited the subject Marriott to obtain a room while staying in

11   town to visit his daughter.  He had made reservations online

12   through Orbitz for an extended stay of three weeks from April

13   18th to May 9th 2005.  Orbitz provided a reduced rate.  He called

14   the hotel two days prior to leaving from Hawaii to confirm his

15   room and special requests for an accessible room with a roll-in-

16   shower and smoking.  He was told over the telephone that all the

17   accessible rooms in the hotel only had one bed and all were

18   designated as non-smoking.  The hotel refused his request to

19   change this policy for one of the rooms during his stay.  This

20   was despite the fact that the hotel confirmed there were indeed

21   standard smoking rooms available at the hotel. He then asked

22   again if there were any smoking accessible rooms, and again was

23   told there were no smoking accessible rooms available at all in

24   the hotel.  He was also informed that there were no accessible

25   rooms with a roll-in-shower. He agreed to be put into a non-

26   smoking accessible room without a roll-in-shower.

27           15.  Upon arrival on April 18, 2005, he checked in and

28   discussed the shower and smoking issue again in person.  He

Thomas Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages            —7—

1  asked what the difference was between an accessible room and a

2  standard room.  He was told nothing except there was more room

3  in the bathroom and some grab bars.   Because defendants would

4  not change their no smoking policy with regard to the accessible

5  rooms, and because they had no accessible rooms with two beds,

6  plaintiff felt forced to agree to be moved into a non-accessible

7  room that allowed smoking and had double beds.  This would allow

8  him to smoke in the room and allow his adult daughter to stay

9  and share the room.   During the check-in he was also told he

10 would "be lucky to find a roll-in-shower in Santa Rosa".

11         16.  He stayed at the hotel for nine (9) nights in a

12 non-accessible room until he could make arrangements to move to

13 another hotel that had a roll-in-shower, which he found out  was

14 just across the street at the Hyatt.  He moved to the Hyatt on

15 April 27th 2005 and stayed (9) nights at a standard rate of $149-

16 $255 depending on the night billed.   He checked out of the

17 Marriott three days early on May 6th 2005.  His reduced rate at

18 the Marriott was $109 per night.  He therefore paid almost 2.5

19 times as much to stay at the Hyatt as he would have if he had

20 been able to stay at the Marriott for the whole time.

21         17.  While at the Marriott, he talked to a number of

22 the front desk staff about the problem of not allowing smoking

23 in accessible rooms and allowing it in standard rooms.    He

24 informed them that their policy and practice constituted

25 discrimination. They however refused to change it.

26         18.  He also got different information about the

27 number of accessible rooms and if there was actually a roll-in-

28 shower or not.  The last time he inquired at the front desk he

Shimeck Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 8 —

1    was told the head of housekeeping would know and they put a call

2    into that department.   They then told plaintiff they would get

3    back to him but never did.

4         19.   The availability of only one bed in all the

5    accessible rooms also constitutes discrimination.   It also

6    deprived plaintiff of the opportunity to share an accessible

7    room.

8         20.   He was unable to bathe everyday as usual because

9    of the extreme difficultly and hazard experienced when he

10   attempted to transfer his legs over the tub.   He was given no

11   help in finding another hotel that actually had accommodations

12   that he needed.   When he finally moved, he was also forced to

13   pay a much higher rate for the accessible room with roll-in-

14   shower at the Hyatt than the accommodations he had been quoted

15   by the Marriott. Plaintiff wrote to defendants about each of

16   these problems on June 6, 2005 and July 15, 2005.   He received

17   no response.

18        21.   The five rooms at the hotel are arranged in a

19   vertical column on five different floors.   Plaintiff has had

20   the rooms evaluated by a professional consultant and is aware

21   of their un-usability.   The barriers to disabled access in the

22   typical accessible guestroom include:   the non-equivalent

23   accommodations; the insufficient number of rooms; the absence

24   of a room with a roll-in shower; the non-compliant centerline

25   of the toilet; the height of the toilet seat, which is mounted

26   too high; the location of the flush valve, which is located on

27   the narrow side; the significantly reduced transfer space on

28   the side of the toilet; the height of the grab bars, which are

Thierack Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 9 —

1    too high; the height of the towel racks, which are out of

2    reach; the height of the GFCI receptacle, which is also out of

3    reach; the obstruction of the clear floor space in front of

4    the lavatory; the positioning of the grab bars in the tub,

5    which are drastically incorrect and non-standard, and

6    therefore difficult to unusable; the type of hardware in the

7    tub, which requires grasping, pinching, and twisting to

8    operate (plaintiff is a incomplete quadriplegic); the height

9    of controls in the shower, which are out of reach; the general

10   height of amenities in the room, including the iron mount,

11   which are typically too high; the reduced and largely

12   impassible path of travel around the bed and throughout the

13   room provided to reach amenities, such as the alarm clock and

14   heating and air conditioning unit; the height of controls

15   including the TV and drapery pulls; the insufficient knee

16   space at the desk; and the pressure and manual dexterity

17   required to operate windows and other controls in the bedroom,

18   such as the pedestal lamp, which requires grasping, pinching

19   or twisting to operate.

20          22.  Plaintiff has had the construction history and

21   the site amenities evaluated by a professional access

22   consultant and is aware there-from as to all problems at the

23   hotel and its responsibility to remediate same.    Despite

24   desiring to do so, plaintiff has been unable to stay at the

25   hotel during subsequent visits to Santa Rosa.

26          23.  On information and belief, other barriers to

27   disabled access at the Marriott that affected plaintiff during

28   his use of the hotel including, but are not limited to: the

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 10 —

1   perpetual obstruction of the lowered at the perpetual front

2   desk; the insufficient access and obstruction of the approach to

3   the ice and vending machines on each floor; the inaccessibility

4   of the breakfast bar in the lobby, including access to the

5   microwave and other amenities; the slopes and cross-slopes in

6   the landings at the entrances to the various sides of the

7   building; the lack of knee space to the sinks in the public

8   restrooms; the inaccessible unloading zones for the handicap

9   parking on the approximate west and north sides of the building,

10  and the non-provision of van accessible parking at each of these

11  locations; and the failure to provide accessible parking on the

12  south lot to the hotel.

13        24.  As a result of the actions and failure to act

14  of defendants, and each of them, and as a result of the

15  failure to provide appropriate disabled accessible guestrooms

16  and hotel amenities, plaintiff suffered and will suffer a loss

17  of his civil rights to full and equal access to public

18  facilities, suffered strain and exhaustion from attempting to

19  negotiate barriers as well as pain and discomfort, and will

20  suffer emotional distress, mental distress, mental suffering,

21  mental anguish, which includes that shame, humiliation,

22  embarrassment, anger, chagrin, disappointment and worry,

23  normally and naturally expected and associated with a person

24  with a physical disability being denied access to a public

25  accommodation, all to his damages as prayed hereinafter in an

26  amount within the jurisdiction of this court.

27        25.  Plaintiff regularly visits the area and has been

28  deterred from accessing the hotel.  This includes a past visit

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 11 —

1  that occurred on October 13 - 25, 2005. Plaintiff would like to

2  return and use the subject Marriott on a planned or spontaneous

3  basis, but is unable to enjoy the safe full and equal access to

4  which he is entitled.  The barriers to disabled access that

5  deter plaintiff's return are permanent physical barriers. For

6  instance, the total absence of an accessible guestroom on the

7  property and with full amenities available elsewhere in the

8  hotel.

9       26.  On information and belief, a number of facilities

10 in the subject building have been remodeled during the statutory

11 period since July 1, 1970, triggering accessible "path of

12 travel" requirements to each area of alteration, which includes,

13 but is not limited to, accessible public sanitary facilities and

14 a path of travel, complying with ADA and Title 24 standards.  On

15 information and belief, defendants have not complied with these

16 legal obligations.

17      27.  The "removal" of each of these barriers to use by

18 disabled persons was "readily achievable" under the standards of

19 Section 301(9) of the Americans With Disabilities Act of 1990

20 [42 U.S.C. 12181] at all times herein relevant.  Section 303 of

21 the ADA [42 U.S.C. 12183] and California law also required the

22 removal of all such barriers upon performance of "alterations."

23      28.  On information and belief, defendants continue to

24 the present date to deny "full and equal access" to plaintiff

25 and to all other disabled persons, in violation of California

26 law, including Health & Safety Code Sections 19955 *et seq.*,

27 Civil Code Sections 54 and 54.1, and Title 24 of the California

28 Code of Regulations (a.k.a. California Building Code).  Further,

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 12 —

1    such denial of access to disabled persons also violates the

2    requirements of Title III of the federal Americans With

3    Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,

4    §§ 12181 et seq.] (Hereinafter also called the "ADA").

5

6                          **FIRST CAUSE OF ACTION:**
     **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

7

8         29.  Plaintiff repleads and incorporates by reference,

9    as if fully set forth again herein, the allegations contained in

10   paragraphs 1 through 28, above.

11        30.  Plaintiff is physically disabled under standards

12   as defined by all California statutes using these terms.

13   Plaintiff is also an "individual with a disability" as defined

14   by Section 54(b) Civil Code, as well as Section 3(2) of the ADA.

15   Each violation of the ADA, as plead hereinafter, is incorporated

16   by reference as a separate violation of Sections 54(c) and

17   54.1(d) California Civil Code.

18        31.  Health & Safety Code Section 19955 provides in

19   pertinent part:

20        (a)  The purpose of this part is to insure that public
          accommodations or facilities constructed in this state with
21        private funds adhere to the provisions of Chapter 7
          (commencing with § 4450) of Division 5 of Title 1 of the
22        Government Code.  For the purposes of this part "public
          accommodation or facilities" means a building, structure,
23        facility, complex, or improved area which is used by the
          general public and shall include auditoriums, hospitals,
24        theaters, restaurants, hotels, motels, stadiums, and
          conventions centers.

25

26        32.  Health and Safety Code Section 19956, which

27   appears in the same chapter as 19955, provides, in pertinent

28   part: "[a]ll public accommodations constructed in this state

Timock Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 13 —

1   shall conform to the provisions of Chapter 7 (commencing with

2   § 4450) of Division 5 of Title 1 of the Government Code...."

3       33.  Section 19956 Health & Safety Code was operative

4   July 1, 1970, and is applicable to all public accommodations

5   constructed or altered after that date.  On information and

6   belief, portions of the subject Marriott were constructed and/or

7   altered after July 1, 1970, and portions of the subject building

8   were    structurally    remodeled,    altered    and    have    undergone

9   structural  repairs  or  additions  after  July  1,  1970.   Such

10  construction required such building and its public accommodation

11  facilities  to  be  subject  to  the  requirements  of  Part  5.5,

12  Sections 19955, et seq., of the Health and Safety Code, which

13  requires  provision  of  access  upon  "alterations,  structural

14  repairs or additions" per Section 19959 Health & Safety Code, or

15  upon a change of occupancy (a form of "alteration").

16      34.  Pursuant to the authority delegated by Government

17  Code Section 4450, et seq., the State Architect promulgated

18  regulations for the enforcement of these provisions.  Effective

19  January 1, 1982, Title 24 of the California Administrative Code

20  adopted the California State Architect's Regulations and these

21  regulations must be complied with as to any modifications of the

22  subject building and its facilities occurring after that date.

23  Any alterations of the building after January 1, 1982 required

24  compliance  with  the  Title 24  regulations  then  in  effect,

25  including that an accessible path of travel leading to such

26  facility from the adjoining public right of way.  Prior to 1982,

27  similar  requirements  were  incorporated  into  the  law  from  the

28  American Standards Association.  On information and belief, one

Tidmarsh Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 14 —

1    or more of the constructions of and alterations upon and

2    modifications of the subject facilities occurred during the

3    period of time that sections of the Health and Safety Code have

4    provided that all buildings and facilities used by the public

5    must conform to each of the standards and specifications

6    described in the American Standards Association Specifications,

7    or, as to construction occurring after January 1, 1982, to the

8    standards of Title 24, the State Architect's Regulations.

9        35.   Plaintiff is informed and believes and therefore

10   alleges that defendants, and their predecessors in interest as

11   owners, operators and/or lessors of the subject public

12   accommodation (for which the defendants as current owners,

13   operators and/or lessors of the building are responsible), and

14   each of them caused the subject property to be constructed,

15   altered and maintained in such a manner that physically disabled

16   persons were denied full and equal access to, within and

17   throughout said facilities, and full and equal use of said

18   building.  Further, on information and belief, defendants and

19   each of them have continued to maintain and operate such

20   building and its facilities in such condition up to the present

21   time, despite actual and constructive notice to such defendants,

22   and each of them (which includes plaintiff's discussions with

23   hotel personnel, as well as his letters to defendants on June 6,

24   2005 and July 15, 2005) that the configuration of the building

25   were in violation of the Civil Rights of disabled persons, such

26   as plaintiff.  Such construction, modification, ownership,

27   operation, maintenance and practices of such a public facility

28   is in violation of law as stated in Part 5.5, Sections 19955ff

Hinrichs Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 15 —

1  Health and Safety Code, Sections 54 and 54.1, et seq., Civil

2  Code, and elsewhere in the laws of California.

3      36.  On information and belief, the subject building

4  and the defendants and each of them have denied full and equal

5  access to disabled persons in other respects due to non-

6  compliance with requirements of Title 24 of the California Code

7  of Regulations, and of other provisions of disabled access legal

8  requirements.  Additionally, maintaining the barriers specified

9  in this complaint is independently a violation of both Title 24

10 of the California Building Code, and of Sections 54 and 54.1

11 Civil Code and their guarantee of "full and equal" access to all

12 public facilities (as pled in the second cause of action, and

13 also repleads and incorporated herein by reference, as if fully

14 restated hereafter), in conjunction with Section 19955ff, per

15 James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

16      37.  Declarative and Injunctive Relief – Plaintiff

17 seeks a declaration confirming that the acts and omissions of

18 defendants as complained of continue to have the effect of

19 allowing defendants to wrongfully exclude Plaintiff, and other

20 similarly situated members of the public who are physically

21 disabled, from full and equal access to the subject Marriott.

22 Such acts and omissions are the continuing cause of humiliation

23 and mental and emotional suffering to Plaintiff and other

24 similarly situated persons in that these actions treat them as

25 inferior and second class citizens and serve to discriminate

26 against them, so long as defendants do not provide a properly

27 accessible, safe and equal use of such facilities.  Said acts

28 have proximately caused and will continue to cause irreparable

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 16 —

1   injury to Plaintiff and other similarly situated persons if not

2   enjoined by this court.

3       38.   Plaintiff seeks declaratory relief as well as

4   injunctive relief, pursuant to Section 19953 Health and Safety

5   Code and Section 55 Civil Code, against those of the defendants

6   that currently own, operate, and/or lease (from or to) the

7   subject Marriott, who maintain architectural barriers to the use

8   by disabled persons of public accommodations and facilities, in

9   violation of Part 5.5, Sections 19955ff Health and Safety Code.

10  Plaintiff seeks to require such defendants to create safe and

11  properly accessible facilities, and a declaration that they have

12  violated plaintiff's rights.

13      39.   Attorneys' Fees - As a result of defendants' acts

14  and omissions in this regard, plaintiff has been required to

15  incur legal expenses and hire attorneys in order to enforce

16  plaintiff's rights and those of other similarly situated

17  persons, and to enforce provisions of the law protecting access

18  for the disabled, and prohibiting discrimination against the

19  disabled, and to take such action both in his own interest and

20  in order to enforce an important right affecting the public

21  interest.  Plaintiffs therefore seeks recovery of all reasonable

22  attorneys' fees, litigation expenses and costs incurred,

23  pursuant to the provisions of Section 1021.5 of the Code of

24  Civil Procedure.  Plaintiffs additionally seeks attorneys' fees

25  and costs pursuant to Section 19953 Health and Safety Code.

26      WHEREFORE, plaintiffs prays for relief as hereinafter

27  stated.

28  ////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 17 —

**SECOND CAUSE OF ACTION:**
**VIOLATION OF DISABLED RIGHTS ACT,**
**CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**
**DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

40. Plaintiff repleads and incorporates, as if fully set forth again herein, the allegations contained in paragraphs 1 through 39, above.

41. At all times relevant to this action, California Civil Code Sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of physical handicap or disability. Section 54 Civil Code provides:

> Individuals with disabilities shall have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

Section 54.1 Civil Code provides that:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities... and privileges of all common carriers, airplanes, motor vehicles... or any other public conveyances or modes of transportation... hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

42. California Civil Code Section 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Section 54 and 54.1 Civil Code is liable for EACH such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 18 —

1  than $1,000 and such attorneys' fees that may be determined by

2  the Court in addition thereto, suffered by any person denied any

3  of the rights provided in Sections 54 and 54.1, for services

4  necessary to enforce those rights.

5       43.  As a result of the actions and failure to act

6  of defendants, and each of them, and as a result of the

7  failure to provide appropriate disabled accessible guestrooms

8  and hotel amenities, plaintiff suffered and will suffer a loss

9  of his civil rights to full and equal access to public

10  facilities, suffered strain and exhaustion from attempting to

11  negotiate barriers as well as pain and discomfort, and will

12  suffer emotional distress, mental distress, mental suffering,

13  mental anguish, which includes that shame, humiliation,

14  embarrassment, anger, chagrin, disappointment and worry,

15  normally and naturally expected and associated with a person

16  with a physical disability being denied access to a public

17  accommodation, all to his damages as prayed hereinafter in an

18  amount within the jurisdiction of this court.

19       44.  Plaintiff is a person within the meaning of Civil

20  Code Sections 54 and 54.1 whose rights have been infringed upon

21  and violated by the defendants.  Plaintiff has been denied full

22  and equal access with his initial visit beginning on or about

23  April 18, 2005, and on each specific date of potential use in

24  which full and equal access to such facility was denied or

25  deterred.  On information and belief, defendants have failed to

26  act to provide full and equal public access to their subject

27  hotel, and continue to operate in violation of the law and

28  continue to discriminate against physically disabled persons by

Timack Law Office
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 838-8235

Complaint for Injunctive Relief and Damages                    — 19 —

1   failing to allow access to their building, and make reasonable

2   modifications in policy respecting servicing the disabled who

3   cannot enter or use facilities on a full and equal basis.

4        45.  At all times since plaintiff's initial visit to

5   the subject hotel beginning on or about April 18, 2005, and on

6   information and belief for periods prior to this date,

7   defendants were on notice of the requirements of the law

8   relating to provision for full and equal disabled access.

9   Especially as defendants were on full notice, each date that

10  plaintiff's visits the area that defendants have continued to

11  deny access to disabled persons constitutes a new and distinct

12  violation of plaintiff's right to full and equal access to this

13  public facility, in violation of Sections 54 and 54.1, et seq.

14  Civil Code.   In the event of a default judgment against any

15  particular defendant, plaintiff will seek a declaration of

16  rights and obligations, as well as an injunction requiring

17  provision of accessible lobby and dining facilities and

18  guestrooms (all as identified in paragraphs 14 through 24,

19  above), plus damages of $1,000 per day from the date of

20  plaintiff's initial visit to the subject hotel beginning on or

21  about April 18, 2005, a declaration that defendants' have

22  violated plaintiff's rights, plus reasonable attorneys' fees,

23  litigation expenses and costs as set by the court, until it is

24  brought into full compliance with state and federal access laws

25  protecting the rights of the disabled.

26       46.  Plaintiff has been damaged by defendants'

27  wrongful conduct and seeks the relief that is afforded by

28  Sections 54.1, 54.3 and 55 of the Civil Code.   Plaintiff seeks

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 20 —

1  actual damages, and statutory and treble damages against

2  defendants for all periods of time mentioned herein, as well as,

3  punitive damages. As to those of the defendants that currently

4  own, operate, and/or lease (from or to) the subject hotel,

5  plaintiff seeks declaratory relief, and preliminary and

6  permanent injunctive relief to enjoin and eliminate the

7  discriminatory practices and barriers that deny equal access for

8  disabled persons, and for reasonable attorneys' fees.

9       47. WHEREFORE, plaintiff asks this Court to enjoin

10  any continuing refusal by the defendants that currently own,

11  operate, and or lease (from or to) the subject Marriott, to

12  grant such access to plaintiff and other similarly situated

13  disabled persons, or alternatively to enjoin operation of the

14  subject Marriott as a public accommodation until such defendants

15  comply with all applicable statutory requirements relating to

16  access to physically disabled persons, and that the Court award

17  plaintiff his reasonable statutory attorneys' fees, litigation

18  expenses and costs pursuant to Civil Code Section 55, Code of

19  Civil Procedure Section 1021.5, and Health & Safety Code

20  Section 19953, and as further prayed for herein.

21       WHEREFORE, plaintiffs prays for damages, declaratory

22  relief, and injunctive relief as hereinafter stated.

23

24       **THIRD CAUSE OF ACTION:**
     **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
25       **42 USC §§ 12101ff**

26       48. Plaintiff repleads and incorporates, as if fully

27  set forth again herein, the factual allegations contained in

28  paragraphs 1 through 47, above.

Timnick Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 21 —

49.  Pursuant to law, in 1990 the United States Congress made findings per 42 U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

50.  Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC § 12101(b)):

It is the purpose of this act —

   (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

   (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

   (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to

Skinner Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 22 —

address the major areas of discrimination faced day to day by people with disabilities. (Emphasis added)

51. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are identified as "an inn, hotel, motel, or other place of lodging," and "a restaurant, bar or other establishment serving food or drink," and "an auditorium, convention center, lecture hall, or other place of public gathering." (§§ 301(7), (A)-(B), and (D) [42 U.S.C. 12181].)

52. Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

53. Among the general prohibitions of discrimination included in Section 302(b)(1)(A) are the following:

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  — It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§ 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities

Timneck Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8233

Complaint for Injunctive Relief and Damages              — 23 —

of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

54. Among the specific prohibitions against discrimination in the ADA include the following:

§ 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities..."

§ 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

Trimmel Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 24 —

55. The removal of each of the barriers complained of by plaintiff as hereinabove alleged (i.e., in paragraphs 14 through 24, above) were — at all times on or after January 26, 1992 — "readily achievable."

56. Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations adopted thereto.

57. Further, if defendants are collectively able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

58. "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a facility or part thereof that was altered after the effective date of Section 303 of the ADA in such a manner as to affect or that could affect the usability of the facility or part thereof by persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving a "primary function," discrimination under the ADA, per Section

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 25 —

1  303(a)(2) (42 U.S.C. 12183), also includes the failure of an

2  entity "to make the alterations in such a manner that, to the

3  maximum extent feasible, the path of travel to the altered area

4  and the bathrooms, telephones, and drinking fountains serving

5  the altered area, are readily accessible to and usable by

6  individuals with disabilities."  On information and belief, the

7  subject building constitutes a "commercial facility," and

8  defendants have, since the date of enactment of the ADA,

9  performed alterations (including alterations to areas of primary

10  function) to the subject building and its facilities, public

11  accommodations, and commercial facilities, which fail to provide

12  facilities and paths of travel to such areas that are readily

13  accessible to and usable by individuals with disabilities, in

14  violation of Section 303(a)(2), and the regulations promulgated

15  thereunder, 28 CFR Part 36ff.

16      59.  Pursuant to the Americans with Disabilities Act,

17  42 USC 12188ff, Section 308, plaintiff is entitled to the

18  remedies and procedures set forth in Section 204, subsection

19  (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at

20  subsection (a)), as plaintiff is being subjected to

21  discrimination on the basis of disability in violation of this

22  title or has reasonable grounds for believing that he is about

23  to be subjected to discrimination in violation of Sections 302

24  and 303.  On information and belief, defendants have continued

25  to violate the law and deny the rights of plaintiff and of other

26  disabled persons to access this public accommodation since the

27  visit of plaintiff on or about April 18, 2005.  Pursuant to

28  Section 308(a)(2), "[i]n cases of violations of

1    Section 302(b)(2)(A)(iv)... injunctive relief shall include an

2    order to alter facilities to make such facilities readily

3    accessible to and usable by individuals with disabilities to the

4    extent required by this title."

5        60. As a result of defendants' acts and omissions in

6    this regard, plaintiff has been required to incur legal expenses

7    and attorney fees, as provided by statute, in order to enforce

8    plaintiff's rights and to enforce provisions of the law

9    protecting access for disabled persons and prohibiting

10   discrimination against disabled persons. Plaintiff therefore

11   seeks recovery of all reasonable attorneys' fees, litigation

12   expenses (including expert fees) and costs, pursuant to the

13   provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

14   Department of Justice's regulations for enforcement of Title III

15   of the ADA (28 CFR 36.505). Additionally, plaintiff's lawsuit

16   is intended not only to obtain compensation for damages to

17   plaintiff, but also to require the defendants to make their

18   facilities accessible to all disabled members of the public,

19   justifying "public interest" attorneys' fees pursuant to the

20   provisions of California Code of Civil Procedure Section 1021.5.

21       WHEREFORE, plaintiffs prays that this Court grant

22   relief as hereinafter stated:

23

24              FOURTH CAUSE OF ACTION:
         DAMAGES, AND DECLARATIVE AND INJUNCTIVE RELIEF
25               UNDER THE DISABLED RIGHTS ACT
     FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

26

27       61. Plaintiff repleads and incorporates, as if fully

28   set forth again herein, the allegations contained in paragraphs

1    1 through 60 of this complaint.

2        62.  Each violation of the Americans With Disabilities

3 Act of 1990, as complained of in the Third Causes of Action

4 hereinabove (the contents of which causes of action have been

5 incorporated herein as if separately restated word for word

6 hereafter), is also a violation of section 54(c) and section

7 54.1(d) California Civil Code, further and independently

8 justifying damages, declaratory relief, injunctive relief, and

9 other statutory relief per sections 54.3 and 55 California Civil

10 Code, all as previously pled.

11        63.  As a result of defendants' acts and omissions in

12 this regard, plaintiff has been required to incur legal expenses

13 and attorney fees, as provided by statute, in order to enforce

14 plaintiff's rights and to enforce provisions of the law

15 protecting access for disabled persons and prohibiting

16 discrimination against disabled persons.  Plaintiff therefore

17 seeks recovery of all reasonable attorneys' fees, litigation

18 expenses (including expert fees) and costs, pursuant to the

19 provisions of Section 55 of the Civil Code.  Additionally,

20 plaintiff's lawsuit is intended not only to obtain compensation

21 for damages to plaintiff, but also to require the defendants to

22 make their facilities accessible to all disabled members of the

23 public, justifying "public interest" attorneys' fees pursuant to

24 the provisions of California Code of Civil Procedure Section

25 1021.5.

26      WHEREFORE, plaintiffs prays for damages, declaratory

27 relief, and injunctive relief as hereinafter stated.

28    ////

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages        — 28 —

### FIFTH CAUSE OF ACTION:
### DAMAGES, AND DECLARATIVE AND INJUNCTIVE RELIEF
### UNDER THE UNRUH CIVIL RIGHTS ACT
### FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

64.    Plaintiff repleads and incorporates, as if fully set forth again herein, the allegations contained in paragraphs 1 through 63 of this complaint.

65.    Each violation of the Americans With Disabilities Act of 1990, as complained of in the Third Causes of Action hereinabove (the contents of which causes of action have been incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh Civil Rights Act, further and independently justifying damages of $4,000 per offense, declarative and injunctive relief, and other statutory relief per Section 52 and common law decision.

66.    As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.    Plaintiff therefore seeks recovery of all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant to the provisions of Section 55 of the Civil Code.    Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 29 —

1    1021.5.

2           WHEREFORE, plaintiffs prays for damages, a declaration

3    of rights and responsibilities, and injunctive relief as

4    hereinafter stated.

5

6                         **SIXTH CAUSE OF ACTION:**
     **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**
7    **UNFAIR COMPETITION THROUGH VIOLATION OF CALIFORNIA AND STATE LAW**
           **PROTECTING THE RIGHTS OF DISABLED PERSONS**
8

9           67.  Plaintiff repleads and incorporates, as if fully

10   set forth again herein, the factual allegations contained in

11   paragraphs 1 through 66 of this complaint.

12          68.  On a yearly basis, the defendants are engaged in

13   the business of providing hotel services and facilities at the

14   Marriott throughout the year.

15          69.  Plaintiff has incurred actual injury and is out

16   of pocket for the experience.  Defendants' unfair practice lures

17   unsuspecting disabled customers such as plaintiff to book rooms

18   at the hotel, who expect to be able to rent an accessible room.

19   Because of the advance planning required to find an accessible

20   hotel, defendants representations place plaintiff in untenable

21   position only after its too late.  Only upon arrival and

22   obligation (and the incurrence of great inconvenience) do they

23   learn that defendants falsely advertise the "accessibility" of

24   their rooms.

25          70.  Commencing within three years of the date of the

26   original complaint filed in this action, the defendants have

27   committed acts of unfair competition, as defined by Business and

28   Professions Code section 17200, by providing facilities that are

Bluemink Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1   inaccessible  to  the  disabled  members  of  the  general  public,

2   including,  but  not  limited  to  the  acts  facilities  listed  in

3   paragraphs  14  through  24,  above,  all  in  violation  of  standards

4   of  sections  54  and  54.1  et  seq.  Civil  Code;  Title  24  of  the

5   California  Administrative  Code;  sections  4450-4456  Government

6   Code;  sections  19952,  19953  and  19955-19959  Health  &  Safety

7   Code;  Title  III  of  the  Americans  With  Disabilities  Act  of  1990;

8   and  the  Americans  With  Disabilities  Act  Access  Guidelines.

9       71.  The  acts  and  practices  of  the  defendants  are

10   likely  to  continue  and  therefore  will  continue  to  mislead  the

11   general  public  as  to  the  true  cost  of  providing  the  specified

12   goods  and  services  and  their  expected  availability  to  members  of

13   the  public  with  physical  disabilities  pursuant  to  law.

14       72.  As  a  direct  and  proximate  result  of  the

15   defendants'  conduct,  defendants  have  received  and  continue  to

16   receive  unfair  profits  that  rightfully  belong  to  members  of

17   general  public  who  have  been  adversely  affected  by  defendants'

18   conduct,  such  as  plaintiff.

19       73.  Plaintiff  has  no  adequate  remedy  at  law,  and

20   unless  the  relief  requested  herein  is  granted,  plaintiff  will

21   suffer  irreparable  harm  in  that  Marriott  will  continue  to  be

22   discriminated  against  and  denied  access  to  the  specified  public

23   facilities.    Because  plaintiff  seeks  improvement  of  access  for

24   persons  with  disabilities,  which  will  benefit  a  significant

25   portion  of  the  public,  plaintiff  seeks  recovery  of  reasonable

26   attorneys'  fees  pursuant  to  sections  52,  54.3  and  55  Civil  Code,

27   section  1021.5  Code  of  Civil  Procedure,  section  19953  Health  &

28   Safety  Code,  and  section  505  of  the  Americans  with  Disabilities

Thimmesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                — 31 —

1  Act.

2          Wherefore, plaintiffs prays that the court grant

3  relief as requested herein below.

4

5                    SEVENTH CAUSE OF ACTION:
              VIOLATION OF GOVERNMENT CODE SECTION 12948

6

7          74. Plaintiff repleads and incorporates, as if fully

8  set forth again herein, the factual allegations contained in

9  paragraphs 1 through 73 of this complaint.

10         75. Defendants' actions are in violation of

11 Government Code Section 12948, and the corresponding Civil Code

12 Sections 51, 54, and 54.1.

13         76. Plaintiff seeks declarative and injunctive

14 relief, statutory and compensatory damages, punitive damages,

15 and attorneys fees under the FEHA.

16         Wherefore, plaintiffs prays that the court grant

17 relief as requested herein below.

18

19                    EIGHTH CAUSE OF ACTION:
        NEGLIGENCE PER SE IN INJURING PLAINTIFF DUE TO VIOLATIONS OF
20      STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE
                  INDIFFERENCE TO THE CERTAIN RESULT

21

22         77. Plaintiff repleads and incorporates, as if fully

23 set forth again herein, the factual allegations contained in

24 paragraphs 1 through 76 of this complaint.

25         78. Plaintiff incorporates by reference all prayers

26 for relief related to Plaintiff's damages.

27         79. Defendants' actions, as previously pled,

28 constitute negligence per se, as they constitute violations of

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                —32—

1  state and federal laws protecting the rights and safety of

2  disabled persons such as Plaintiff.

3      80. Further, any violation of the Americans With

4  Disabilities Act of 1990 (as pled in the Third Cause of Action

5  herein below, the contents of which are repled and incorporated

6  herein, word for word, as if separately restated hereafter),

7  also constitutes a violation of Section 54(c) and Section

8  54.1(d) California Civil Code, thus independently justifying an

9  award of damages and declarative and injunctive relief pursuant

10  to California law on this basis, including but not limited to

11  Civil Code Sections 54.3 and 55.

12      81. Punitive Damages, § 3294 Civil Code - Defendants

13  have been warned again and again, yet continue to ignore the

14  warnings that their actions and inaction cause to the disabled.

15  Such action and inaction over the period of time prior to and

16  since the dates of plaintiff's visit of on or about April 18,

17  2005, have and continue to be despicable and willful, and done

18  in conscious disregard and complete indifference of the rights

19  of disabled persons and of the public, and have been oppressive,

20  and have evidenced actual or implied malicious intent toward

21  those members of the public such as plaintiff, who, without

22  justification, and in violation of the law, has been denied full

23  and equal access to this public facility. Plaintiff prays for

24  an award of punitive damages against said defendants and each of

25  them pursuant to Section 3294 Civil Code in an amount sufficient

26  to make a profound example of defendants and discourage others

27  from discrimination and/or the conscious disregard for the

28  rights and safety of disabled persons. Plaintiff does not know

Finney Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 33 —

1  the financial worth of such defendants or the amount of punitive

2  damages sufficient to accomplish the public purposes of

3  Section 3294 Civil Code and seeks appropriate damages according

4  to proof.

5       82. As a further basis for punitive damages,

6  plaintiff alleges that defendants either ignored, or failed to

7  act upon, specific verbal and written complaints made to

8  defendants, and plaintiff is further informed and believes that

9  prior to his visit pled above, and after such visit, defendants,

10  and each of them, had been notified that disabled persons had

11  complained of and/or previously suffered similar denials of full

12  and equal access, similar to that complained of herein.  Despite

13  being informed of such effect on disabled persons and the manner

14  in which their practices and lack of accessible facilities would

15  continue to discriminate against disabled persons on a

16  day-by-day basis, said defendants knowingly and willfully failed

17  to provide disabled accessible facilities and services, and have

18  refused to act to rectify this situation and provide full and

19  equal access for disabled persons up to the date of the filing

20  of this Complaint.  Said conduct with knowledge of the effect it

21  was having on physically disabled persons constituted and

22  continues to constitute intentional and/or despicable conduct in

23  willful and conscious disregard of the rights of plaintiff and

24  of other similarly situated disabled persons, justifying the

25  imposition of punitive and exemplary damages per Section 3294

26  Civil Code.

27       83. Defendants' conduct was despicable and done in

28  "conscious disregard" and with "complete indifference" for the

Thimmesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages      — 34 —

1   rights and safety of plaintiff and other disabled persons, and

2   the certainty that their rights and safety would be violated.

3   Defendants have actual notice.   Plaintiff wrote to defendants

4   about each of these problems on June 6, 2005 and July 15, 2005.

5   He received no response.   Further, and on information and

6   belief, each of some of the defendants have been sued multiple

7   times for this same conduct throughout the United States and

8   California.   Instead of bringing their various facilities into

9   compliance, defendants continue to hedge their bets and allocate

10  their construction dollars to other amenities.

11          Wherefore, Plaintiff plaintiffs prays that the court

12  grant relief as requested herein below.

13

14                          **PRAYER**

15          WHEREFORE, plaintiffs prays for an award and relief as

16  follows:

17          1.   A declaration of rights and obligations, and that

18  those of the defendants that currently own, operate, and or

19  lease (from or to) the subject Marriott and its facilities be

20  preliminarily and permanently enjoined from operating and

21  maintaining these public facilities as public accommodations and

22  commercial facilities, so long as disabled persons are not

23  provided full and equal access to the accommodations and

24  facilities, in violation of provided by Sections 54, 54.1, and

25  55 et seq., of the Civil Code, Sections 19955 et seq. Health &

26  Safety Code, Sections 4450, et seq. Government Code, the

27  American Standard Specifications (A117.1961), or such other

28  standards, including those of the State Architect's Regulations

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages               — 35 —

1  for Handicapped Access, as found in Title 24 of the California
2  Code of Regulations or other regulations as are currently
3  required by law; and that defendants be ordered to come into
4  compliance with the Americans with Disabilities Act of 1990,
5  including an order that those of the defendants that currently
6  own, operate, and/or lease (from or to) the subject Marriott,
7  _inter alia_, "alter the subject facilities to make such
8  facilities readily accessible to and usable by individuals with
9  disabilities," and institute reasonable modifications in
10  policies and practices, per Section 308 of Public Law 101-336
11  (the ADA);

12      2.    General, compensatory, and statutory damages, and
13  all damages as afforded by Civil Code Sections 54.3, including
14  treble damages, for each violation and each date of use or
15  deterrence on which defendants have denied to plaintiff equal
16  access for the disabled, and for the period commencing of, on or
17  about April 18, 2005, according to proof.

18      3.    General, compensatory, and statutory damages, and
19  all damages as afforded by Civil Code Sections 52, including
20  treble damages, for each violation and each date on which
21  defendants have denied to plaintiff equal access for the
22  disabled under Title III of the ADA, and for the period
23  commencing on the date of plaintiff's initial visit of, on or
24  about April 18, 2005, according to proof.

25      4.    A permanent injunction pursuant to Business and
26  Professions Code section 17203 restraining and enjoining the
27  defendants from continuing the acts of unfair competition set
28  forth above;

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages          — 36 —

1        5.    During the pendency of this action, a preliminary

2    injunction issue pursuant to Business and Professions Code

3    section 17203 to enjoin and restrain defendants from the acts of

4    unfair competition set forth above;

5        6.    Attorney's fees, litigation expenses and costs

6    pursuant to Sections 54.3 and 55 of the Civil Code,

7    Section 19953 Health & Safety Code, Section 1021.5 Code of Civil

8    Procedure, and Section 505 of the ADA;

9        7.    Punitive damages pursuant to Section 3294 Civil

10   Code (Re: Seventh and Eighth Causes of Action);

11       8.    For all costs of suit;

12       9.    Prejudgment interest pursuant to Section 3291 of

13   the Civil Code;

14       10.    Such other and further relief as the Court deems

15   just and proper.

16

17   Dated: April 21, 2006        THIMESCH LAW OFFICES

18                           TIMOTHY S. THIMESCH

19

20                           Attorneys for Plaintiff

21                           ED MUEGEE

22   **[Continued Next Page]**

23

24

25

26

27

28

Thimesch Law Offices
171 FRONT STREET
SUITE 102
DANVILLE, CA 94526
(925) 855-8235

1          <u>**DEMAND FOR JURY TRIAL**</u>

2          Plaintiff hereby demands a jury for all claims for

3     which a jury is permitted.

4

5

6     Dated: April 21, 2006

7                                    By: TIMOTHY S. THIMESCH
                                     Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
171 Front Street
Suite 102
Danville, CA 94526
(925) 855-8235

Complaint for Injunctive Relief and Damages                    — 38 —