1  Michael S. Kun, State Bar No. 208684
   EPSTEIN BECKER & GREEN, P.C.
2  1875 Century Park East, Suite 500
   Los Angeles, California 90067-2506
3  Telephone: 310.556.8861
   Facsimile: 310.553.2165
4  mkun@ebglaw.com

5  Joseph D. Miller, State Bar No. 109032
   EPSTEIN BECKER & GREEN, P.C.
6  One California Street
   26th Floor
7  San Francisco, CA 94111-5427
   Telephone: 415.398.3500
8  Facsimile:  415.398.0955
   Jmiller@ebglaw.com
9
   Attorneys for Defendant
10 NOBLE A.E.W. VINEYARD CREEK

11                **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13

| 14 | ED MUEGEE, | CASE NO.  C 07 2447 JSW |
|---|---|---|
| 15 | Plaintiff, | [Assigned to the Honorable Jeffrey S. White] |
| 16 | vs. | **DEFENDANT NOBLE A.E.W. VINEYARD CREEK'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17 | HYATT VINEYARD CREEK, LLC dba VINEYARD CREEK HOTEL SPA & CONFERENCE CENTER, VINEYARD CREEK, LLC; RECP/WINDSOR SANTA ROSA VENTURE, L.P.; NOBLE A.E.W. VINEYARD CREEDK; RECP/WINDSOR RIM GP, LLP; WINDSOR CAPITAL GROUP; RIM HOTEL GROUP, LLC; THE RIM CORPORATION; and DOES 1 through 50, inclusive, | [Fed. R. Civ. P. 12(b)(5) and 4(m)]  **DATE:** January 25, 2008  **TIME:** 9:00 a.m.  **PLACE:** Courtroom 2, 17th Floor |
| 23 | Defendants. | Complaint filed:  May 7, 2007 |

25  / / /

26  / / /

27  / / /

28  / / /

---

LA:448629v1      DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

**TO: PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on November 30, 2007 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom A on the 15th Floor of the above-captioned court, located at 450 Golden Gate Street, San Francisco, California, Defendant Noble A.E.W. Vineyard Creek ("Defendant" or "Noble") will and hereby does move the Court to dismiss the Complaint in this action. Defendant makes this motion on pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds that Plaintiff has failed to effect service of process within 120 days after the filing of the Complaint, as required by Fed. R. Civ. P. 4(m).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of David Weymer, the pleadings on file with the Court, the matters over which the Court may or must take judicial notice, and any other matters that the Court may consider at the hearing on the motion.

DATED: November 19, 2007                    EPSTEIN BECKER & GREEN, P.C.


                                            By:   /s/ Joseph D. Miller
                                                  Michael S. Kun
                                                  Joseph D. Miller

                                            Attorneys for Defendant
                                            NOBLE A.E.W. VINEYARD CREEK

LA:448629v1    DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
               PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

This lawsuit arises out of Plaintiff's alleged visit in May 2005 to the Hyatt Vineyard Creek (the "Hyatt"), which Plaintiff claims is not a compliant with the Americans with Disabilities Act ("ADA"). Plaintiff filed a Complaint for Injunctive Relief and Damages on May 7, 2007, including claims under California Civil Code sections 54, 54.1 and 54.3, the ADA, the Unruh Civil Rights Act, Business and Professions Code section 17200, and negligence per se.

Although 170 days have passed since the lawsuit was filed, Plaintiff has yet to serve Defendant Noble A.E.W. Vineyard Creek ("Defendant") with the Complaint. Weymer Decl. ¶ 2. Of course, Federal Rule 4(m) required that Plaintiff serve his Complaint within 120 days, meaning that it had to be done by September 4, 2007.

Plaintiff's failure to effect timely service is inexcusable. There can be no question that Plaintiff and his counsel know how to serve a Complaint. Indeed, Plaintiff filed a virtually identical lawsuit against the Courtyard by Marriott, Santa Rosa (the "Marriott") – where he stayed immediately prior to his visit to the Hyatt, and which is located across the street from the Hyatt[1] – on April 27, 2006, and successfully served Defendant The Rim Corporation ("Rim") with that lawsuit on October 5, 2006.[2]

In fact, in the "Introduction" to his Marriott Complaint, Plaintiff states:

> **Note:** This is a closely related suit. **Plaintiff complains simultaneously against the Hyatt Hotel Santa Rosa**, which is located across the street from the subject Courtyard by Marriott, Santa Rosa . . .. Both are under partial joint ownership and share some common facts concerning plaintiff's visits to the Santa Rosa area.

---

[1] Plaintiff stayed at the Marriott from on or about April 18, 2005 for nine nights prior to moving to the Hyatt across the street on April 27, 2005, where he stayed for another nine nights before checking out on May 6, 2005. Marriott Complaint, ¶16. The Marriott Complaint, attached as Exhibit A to Gusukuma Declaration, submitted in connection with Defendant Rim's Motion to Dismiss, is the subject of a separate Request for Judicial Notice filed concurrently herewith.

[2] The Proof of Service of Plaintiff's Marriot lawsuit upon Rim is attached as Exhibit B to the Gusukuma Declaration, submitted in connection with Defendant Rim's Motion to Dismiss.

- 3 -

page

> **After case numbers have been assigned, plaintiff will file a Notice of Related Case seeking to consolidate and manage the two cases jointly.**

Marriott Complaint, ¶1 (emphasis supplied).

Despite his representation to this Court in the Marriott Complaint about the relationship between the two lawsuits, Plaintiff inexplicably failed to file his lawsuit against the Hyatt until almost one year later. While the later-filed lawsuit against the Hyatt has yet to be served, the Marriott lawsuit settled in August 2007, with a Request for Dismissal filed September 19, 2007.[3]

As there is no excuse for Plaintiff's failure to serve the Complaint upon Defendant after 170 days, the Complaint should be dismissed.

## II.  ARGUMENT

An action may be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) if the plaintiff fails to serve a copy of the summons and complaint on the defendant within 120 days. Fed. R. Civ. P. 4(m) expressly provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . ." *See Barclay v. Michalsky*, 451 F. Supp. 2d 386, 393 (D. Conn. 2006).

When service has not been made within the requisite time period, the burden falls upon the plaintiff to show "good cause" for the delay. *Matasareanu v. Williams*, 183 F.R.D. 242, 246 (C.D. Cal. 1998). Good cause "generally means plaintiff attempted service but did not complete it; plaintiff was confused about the requirements of service; or plaintiff was prevented from serving defendants by factors beyond his control." *Television Signal Corp. v. City and County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000).

---

[3] The Certification of ADR Session and Plaintiff's Request for Dismissal are attached collectively as Exhibit C to Gusukuma Declaration, submitted in connection with Defendant Rim's Motion to Dismiss.

1  There is no "good cause" for Plaintiff's failure to serve the Complaint upon
2  Defendant. Having previously served the defendants in the prior Marriott lawsuit,
3  Plaintiff and his counsel clearly cannot be confused about the requirements of
4  service. Further, Plaintiff has not even attempted service upon Defendant, nor has
5  he moved for an enlargement of time to effect service under Fed. R. Civ. P. 6(b).
6  As 170 days have now passed since the lawsuit was filed, it is clear that no "good
7  cause" exists for Plaintiff's failure to serve the Complaint. Accordingly, Plaintiff's
8  Complaint should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint.

DATED: November 19, 2007        EPSTEIN BECKER & GREEN, P.C.

By: /s/ Joseph D. Miller
    Michael S. Kun
    Joseph D. Miller

Attorneys for Defendant
NOBLE A.E.W. VINEYARD CREEK

- 5 -
LA:448629v1   DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES